E-FILED
Friday, 26 January, 2007  04:06:53 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRENT P. BIRNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-1148 |
| | ) | |
| GENERAL MOTORS CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Now before the Court is Defendant's Motion to Dismiss, as well as Plaintiff's Motion to Certify Class Action.  For the reasons set forth below, the Motion to Dismiss [#8] is GRANTED, and the Motion to Certify Class Action [#4] is DENIED.

### FACTUAL BACKGROUND

On or about February 2, 2004, Defendant, General Motors Corporation ("GM"), determined that it would conduct a modified safety recall in relation to the Electronic Column Lock System ("ECLS"), which is a standard feature on most automobiles, including Chevy Corvettes manufactured between 1997 and 2004.  The ECLS is a passive theft deterrent device that locks the steering column when the key is removed.  The reason for the recall was that in some instances, a defect in the ECLS could cause the steering column to lock while the vehicles were being driven, resulting in a loss of control of the vehicle.  GM then issued Safety Recall Bulletin 04006B on November 23, 2004, directing that certain Corvette owners contact a GM dealer and have the ECLS repaired on vehicles with manual transmissions and removed on vehicles with automatic transmissions.  Recall Bulletin 04006B was subsequently superceded by Recall Bulletin 04006C, which instructed

dealers to remove and disable the ECLS on both manual and automatic transmission Corvettes made between 1997 and 2004.

Stephen and Claudie Huey (the "Hueys") purchased a 1997 Corvette with an automatic transmission that is alleged to have experienced the safety defect involved in this recall and was one of the vehicles included in the recall.  They took the vehicle in for purposes of remedying the problem and subsequently discovered that the ECLS had been disabled, leaving the vehicle without the protection of that theft control device.

On or about April 5, 2006, the Hueys assigned their right, title and interest in any claim relating to the ECLS to Plaintiff, Trent Birner ("Birner") for $1.00.  Birner did not purchase the Corvette in question from the Hueys, only their legal claims arising out of the ECLS problems that they claim to have experienced.

Birner brought this suit, alleging causes of action for breach of express warranty, negligence, unconscionable contract or adjustment plan, unjust enrichment, and breach of the covenant of good faith and fair dealing.  He then filed a motion seeking to have this case certified as a class action, seeking no compensation for personal injuries but rather only diminution in value of the vehicles by virtue of the fact that the ECLS must be disabled or alternatively to compel GM to adequately repair or replace the ECLS component.  GM then moved to dismiss the Complaint.  The matters are now fully briefed, and this Order follows.

**DISCUSSION**

I.    <u>Motion to Dismiss</u>

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief.

*See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

As a threshold matter, GM argues that Birner's purchase of the Huey's claims and the corresponding assignment to him is invalid. In support of this argument, GM cites McGoon v. Ankeny, 11 Ill. 558, 1850 WL 4273 (1850), and Puckett v. Empire Stove Co., 539 N.E.2d 420, 427 (Ill.App.Ct. 1989), for the proposition that the purchase of a lawsuit is void as a matter of public policy because it is champertous. Stated another way, "[t]he law will not tolerate a principle which will allow a man of litigious disposition to go about the community, hunting up stale claims, or even meritorious ones, against his neighbors, either for the purpose of harassing them, or for speculation." McGoon, 1850 WL 4273, at *1.

In Puckett, a tenant brought suit to recover for injuries sustained when the house that he was renting caught fire due to a defective floor furnace that had been manufactured by Empire and installed by the landlord, Honore Ghibaudy ("Ghibaudy"). Id. at 422. Ghibaudy and his wife brought a third-party complaint against the manufacturer of a valve used on the furnace and subsequently assigned any interest in their third-party claim to

Puckett.  Id. at 422, 427.  The third-party argued that the assignment to Puckett was void as against public policy because it encouraged litigation that would not otherwise have been brought and would constitute champerty.  Id. at 427.  The court held:

> Black's Law Dictionary defines champerty as "[a] bargain by a stranger with a party to a suit, by which such third person undertakes to carry on the litigation at his own cost and risk, in consideration of receiving, if successful, a part of the proceeds or subject sought to be recovered." (Black's Law Dictionary 169 (abridged 5th ed. 1983).) Maintenance is defined as "maintaining, supporting, or promoting the litigation of another." (Black's Law Dictionary 169 (abridged 5th ed. 1983).) Champerty and maintenance have been disapproved by the courts as against public policy because a litigious person could harass and annoy others if allowed to purchase claims for pain and suffering and pursue the claims in court as an assignee. Town & Country Bank of Springfield v. Country Mutual Insurance Company (1984), 121 Ill.App.3d 216, 218, 76 Ill.Dec. 724, 725, 459 N.E.2d 639, 640.)  However, plaintiff in the instant case is no stranger to the action between third-party plaintiffs Ghibaudys and third-party defendant ITT. Nor is plaintiff promoting the litigation of another which otherwise might not be maintained. Instead, plaintiff has a direct and immediate interest in Ghibaudys' right of action for contribution against ITT. Allowing Ghibaudys to assign that cause of action to plaintiff is not violative of any public policy of which we are aware.

Puckett, 539 N.E.2d at 427.  Thus, an otherwise champertous assignment will not be held to be void as against public policy where the assignee is not a stranger to the litigation and has a direct and immediate interest in the right of action.  *See also*, Kleinwort Benson North America, Inc. v. Quantum Financial Services, Inc., 181 Ill.2d 214, 226 (Ill. 1998) (upholding assignment of civil fraud claim where plaintiffs were intimately involved in the transactions upon which the lawsuit was based and "did not shop around for the fraud claim"); Saltzberg v. Fishman, 462 N.E.2d 901, 905-06 (Ill.App.Ct. 1984) (finding that assignment of one

former partner's rights under a consent decree to another former partner who also had rights under the consent decree was valid and enforceable.)

Here, unlike the situation in <u>Puckett</u>, Birner suffered no injury himself, as he did not personally experience any problems with the Corvette's ECLS, was not involved in the recall in any way, and does not even own the Corvette in question.  Accordingly, any diminution in value will in actuality be suffered by the Hueys (or the current owner of the vehicle), not by Birner.[1]  Although the assignment purports to assign any diminution or loss of value resulting from the recall, the Complaint does not allege that the Huey's actually suffered any diminution or loss of value that was then assigned.  The record is devoid of any indication that Birner is anything but a stranger to the litigation who had no involvement prior to the assignment and, absent the assignment, would have no interest at all in the subject matter of this case.  In fact, the only reasonable characterization of this situation is that Birner effectively "shopped around" for the cause of action, which was clearly denounced by the Illinois Supreme Court in <u>Kleinwort</u>.

Birner argues that the assignment was lawful and enforceable under the Uniform Commercial Code, 810 ILCS § 5/2-210 and also cites <u>In re: Nedwick Steel Co., Inc.</u>, 289 B.R. 95 (Bankr. N.D. Ill. 2003).  However, Birner fails to acknowledge that this section of the UCC and the <u>Nedwick Steel</u> case both address assignability in the context of a contract

---

[1] This observation is in fact supported by the allegations in ¶¶ 17 and 47 of the Complaint that "all class members are subject to this recall" and "Plaintiff and other class members [sic] vehicles have diminished in value," as well as the assertion in ¶¶ 51, 60, 69, 87, and 97 that "plaintiff and other class members suffer a diminishment in the value of **their** vehicles." (emphasis added)  Birner clearly was not subject to the recall and does not own the vehicle in question.  These allegations also support the reasonable conclusion that Birner is not a member or an adequate representative of the class that he purports to represent.

for the sale of goods, not the purchase of legal claims to litigate or that two are readily distinguishable.  While Birner is correct that "assignability is the rule and nonassignability is the exception," he has not cited, and the Court is otherwise unaware of any binding authority establishing that the general presumption of assignability can no longer be overcome where an assignment is void as against public policy.

Thus, the Court concludes that the purported assignment of the Hueys' legal claims to Birner was void as against public policy.  Birner is a complete stranger to the action between Corvette owners (such as the Hueys) and GM who apparently sought out and purchased this cause of action for purposes of pursuing the litigation that he would otherwise have no part of.  The assignment therefore amounts to nothing more than thinly veiled champerty and the purchase or maintenance of an action solely for purposes of promoting the litigation of another.  As such, Birner lacks standing to maintain this action, and the Motion to Dismiss is granted.[2]

II.    Motion to Certify Class Action

District courts are to determine the maintainability of putative class actions "[a]s soon as practicable after [their] commencement."  Fed.R.Civ.P. 23(c)(1).  In making this determination, the Court must first consider the following factors, as class certification requires:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,

---

[2] As the Court has found that Birner lacks standing to pursue this action, it need not address the other grounds upon which GM could be entitled to the dismissal of this case.

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).  If these four factors are satisfied, the proposed class must then  meet

the requirements of Rule 23(b), which include the requirement that:

The questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to the findings include:

(A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions,

(B) the extent and nature of litigation concerning the controversy already commenced by or against members of the class,

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and

(D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3).

GM argues that because Birner's individual claim has not survived the motion to

dismiss, he cannot  fairly  and  adequately  protect  the  interests  of  the  class  as  a

representative party.   As Birner is the only named representative, GM then suggests that

the class allegations in the Complaint should also be dismissed.  The Court agrees.[3]

---

[3] GM alternatively argues that Birner is not a member of the class that he is attempting to represent, as ¶ 7 of the Motion to Certify Class defines the putative class as "[a]ll Current owners of GM corvette automobiles subject to GM safety defect recall [046006 [sic] A, B, or C] relating to the ECLS of those vehicles who had or will have the ELCS disabled or disconnected required by the recall notices or service bulletins."  As Birner is

Although it is generally better to address the class certification issue prior to any ruling on the merits, the Seventh Circuit has recognized that it is sometimes appropriate to address class issues after determining that the plaintiff's individual claim is without merit. Mira v. Nuclear Measurements Corp., 107 F.3d 466, 474-75 (7th Cir. 1997); *see also,* Pehr v. University of Chicago, 799 F.Supp. 862, 868-69 (N.D.Ill. 1992). Like the situation in Mira, the Court has determined that Birner's individual claim lacks merit, and he is the only named class representative, which would make class certification inappropriate in any event. Furthermore, GM is not urging that it should get the benefit of a favorable determination on the merits against all members of the putative class; rather, GM is simply contending that this is not the proper plaintiff to bring any action regarding the ECLS recall, much less an action on behalf of a class.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [#8] is GRANTED, and the Motion to Certify Class Action [#4] is DENIED. Having denied the certification of

---

not a current owner of a GM Corvette, this point appears to be well taken and would serve as an additional basis for the denial of the Motion to Certify Class. This point is also illustrated by the alternative request that GM be compelled to repair or replace the ECLS on these vehicles, as only current owners would benefit from such relief. It would also appear that as an assignee who purchased the legal claim but does not own an affected vehicle, Birner's claims or defenses are not likely to be typical of the claims or defenses of the class.

the class allegations and determined that Birner's individual claim cannot survive the Motion to Dismiss, this matter is now TERMINATED.

ENTERED this 26th day of January, 2007.


_____s/ Michael M. Mihm_____
Michael M. Mihm
United States District Judge